# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**PAUL F. PERRY,**

    Petitioner,

v.                                                                                                    **Case No. 3:07cv103**
                                                                                                      **(Judge Bailey)**

**JOE D. DRIVER, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On August 10, 2007, the petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. On August 15, 2007, he paid the $5.00 filing fee. On September 13, 2007, the respondent was directed to answer the petition. On November 1, 2007, the respondent filed a Motion to Dismiss with supporting exhibits. On November 20, 2007, the petitioner was issued a Roseboro Notice, and on December 6, 2007, he filed a response. Accordingly, this matter, pending before me for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., is ripe for review.

### I. Conviction and Sentence

On September 30, 1994, the plaintiff entered a guilty plea in the Superior Court of the District of Columbia to the charge of mayhem while armed; aggravated assault while armed; and attempted aggravated assault in violation of D.C. Code §§ 22-506, 3202; 22-504.1, 3202; and 22-501. (Doc. 17-2, p. 2 and Doc. 17-4). On November 30, 1994, the petitioner was sentenced to a minimum term of sixteen years, eight months and a maximum sentence of life. (Doc. 17-2, pp. 2 & 5). The petitioner was committed to the custody of the Bureau of Prisons on May 29, 2002, and his initial parole eligibility date is November 12, 2010. (Doc. 17-2, pp. 1-2).

Following his sentencing, the petitioner undertook a long and extensive effort to reduce or set aside his sentence. On September 29, 1995, he filed a Motion for reduction of sentence that was denied

by the Superior Court on June 4, 1996. (Doc. 17-5, pp. 1-2). A second motion to reduce his sentence was denied on November 21, 1996. (Doc. 17-5, p. 2). On April 10, 1997, the petitioner's first motion to vacate and set aside his judgment of conviction pursuant to D.C. Code § 23-110 was denied. (Doc. 17-5, p. 3). On August 12, 1997, the petitioner's second motion to vacate his guilty plea and conviction was denied, and his third such motion was denied on June 26, 2001. (Doc. 17-5, pp. 4-5). On July 13, 2001, the petitioner filed a Notice of Appeal from the third denial, claiming that "the good-time credits promised during the plea colloquy were never applied to his sentence." (Doc. 17-5, p. 4). On September 25, 2002, the District of Columbia Court of Appeals affirmed the judgment of the Superior Court, finding that the petitioner had offered no reason for his failure to make the good time credit arguments in his two prior § 23-110 motions.(Doc. 17-6). Thereafter, the petitioner filed a petition for a writ of habeas corpus in the United States District Court for the District of Columbia. (Doc. 17-7, pp. 1-7). That petition was dismissed on March 27, 2003.(Doc. 17-7, pp. 8-9). On November 24, 2003, the U.S. District Court for the District of Columbia denied a certificate of appealability, finding that the petitioner had not "made a substantial showing of the denial of a constitutional right." (Doc. 17-8, p. 6). On May 12, 2004, the U.S. Court of Appeals for the District of Columbia Circuit also denied the petitioner's request for a certificate of appealability, again because the petitioner had not made "a substantial showing of the denial of a constitutional right." In addition, the court held that the petitioner "may not challenge his District of Columbia conviction or sentence in federal court unless his remedy under D.C. Code § 23-110(g) is 'inadequate or ineffective;'" and that said remedy is not "considered inadequate or ineffective simply because the requested relief has been denied."(Doc. 17-9). His fourth motion pursuant to § 23-110 was denied on August 25, 2005. (Doc. 17-8). The petitioner filed an appeal with the United States Court of Appeals for the District of Columbia on December 20, 2005. (Doc. 17-11). That appeal was denied and was the petitioner's petition for rehearing or rehearing *en banc*.

## II. Claims of Petition

Petitioner now brings this case pursuant to § 2241 raising the following grounds for relief:

(1) his "plea was made mute when the judge cited a law regarding the sentence that did not exist";

(2) the sentencing judge erred in denying his §23-110 motion without a hearing; and

(3) there was a defect in the Rule 11 inquiry that prejudiced its outcome.

## III. The Respondent's Answer

In response to the petition, the respondent asserts that the petition should be denied. In doing so, the respondent argues that although petitioner is considered a "state" prisoner for purposes of federal habeas law, he is prohibited by D.C. Code § 23-110 from using § 2241 as a vehicle to challenge the validity of his D.C. conviction and sentence without a showing that the remedy under § 23-110 was inadequate or ineffective. The respondents further argues that petitioner has failed to demonstrate that the remedy under § 23-110 was inadequate or ineffective.

## IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-110(g) provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, **shall not be entertained** by the

3

> Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, supra at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...."Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or ineffective

to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective'". Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, the petitioner has filed not one, but four motions under § 23-110. The D.C. Circuit Court of Appeals reviewed at least one of those petitions pursuant to the authority outlined in § 23-110, and affirmed the Superior Court's ruling. Therefore, the petitioner has received the benefit of collateral review by courts with the constitutional authority to grant the relief sought by the petitioner. His dissatisfaction with the results of such review does not make the remedial process inadequate or ineffective. Pursuant to the prohibition of D.C. Code § 23-110(g), this Court is precluded on jurisdictional grounds from entertaining this petition. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not complain that the remedies

provided him by ...§ 23-110 are inadequate merely because he was unsuccessful when he invoked them.").

### VI. Recommendation

For the reasons stated in this opinion, it is recommended that the respondent's Motion to Dismiss (Doc. 17) be **GRANTED,** the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE,** and the petitioner's Motion Requesting Evidentiary Hearing (Doc. 26) be **DENIED AS MOOT**.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable John Preston Bailey, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. The Clerk is further directed to provide a copy of this Report and Recommendation to any counsel of record as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: May 22, 2008

    /s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE